UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., a corporation, and<br><br>AMAZON.COM SERVICES LLC, a limited liability company,<br><br>               Defendants. | Case No. _____<br><br>**COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1. Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a); and Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), to obtain monetary civil penalties, a permanent injunction, and other equitable relief for violations of Section 5 of the FTC Act and the Commission's Children's Online Privacy Protection Rule (the "Rule" or the "COPPA Rule"), 16 C.F.R. Part 312, by Defendants Amazon.com, Inc. and Amazon.com Services LLC (together

"Amazon" or "Defendants").

**SUMMARY OF THE CASE**

2.      Using Amazon's voice assistant service, Alexa, millions of Americans use Amazon's Echo smart speakers and the Alexa mobile application ("Alexa App") to access a wide range of products and services, for example, to play music, audiobooks, or audio content from the internet; order products from the Amazon.com website; or instruct a smart TV to stream programming. These products include voice activated services aimed at children under 13 years old, including the Echo Dot Kids smart speaker; "FreeTime on Alexa," a personalized service that allows parents to control how their child accesses and uses Alexa; and "FreeTime Unlimited on Alexa," which offers children's audio books and audio-based Alexa applications such as voice-controlled games, stories, jokes, and educational tools. More than 800,000 children under 13 years old have their own Alexa profiles. These profiles link to a parent's profile and include the child's name, birth date, and gender.

3.      A child (or adult) activates Amazon's smart speaker by simply saying "Alexa," followed by the substance of the request, for example, "what time is it?" or "tell me a joke." Alexa saves the voice recording of the request and creates a written transcript. Alexa's default settings save these voice recordings and transcripts indefinitely, even if the user stops using the account for months or even years. This is true for both child and adult users. Amazon uses the voice recordings and transcripts it saves not only to fulfill that adult's or child's request to Alexa, but also to train and improve the Alexa product for all users.

4.      Similarly, a user of the Alexa App is prompted to give Alexa access to the geolocation of the user's device, ostensibly to respond more accurately to user requests based on where the mobile device is located.

5. Amazon's privacy disclosures assert that it designed Alexa with privacy in mind, that Amazon will delete users' voice and geolocation data (and children's voice data) upon request, and that Amazon carefully limits access to voice data. But until September 2019, Amazon retained children's voice recordings and transcripts indefinitely unless a parent actively deleted them. Alexa's default settings still save children's (and adults') voice recordings and transcripts forever, even when a child no longer uses his Alexa profile and it has been inactive for years. As a result, Amazon has retained the personal information of thousands of children who are not even using their Alexa accounts, in violation of COPPA's prohibition on retaining children's personal information longer than is reasonably necessary to fulfill the purposes for which the information is collected.

6. Amazon also failed for a significant period of time to honor parents' requests that it delete their children's voice recordings by continuing to retain the transcripts of those recordings and failing to disclose that it was doing so, also in violation of COPPA. Finally, Amazon failed to delete users' voice information and geolocation information upon request and instead retained that data for its own potential use. Such unfair and deceptive practices violate Section 5 of the FTC Act.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345.

8. Venue in the Western District of Washington is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(2) and (d).

## DEFENDANTS

9. Defendant Amazon.com, Inc. is a Delaware corporation, with its principal place of business at 410 Terry Avenue, Seattle, Washington 98109. Amazon.com, Inc. is a U.S. public

holding company that conducts its business through subsidiaries, including Defendant Amazon.com Services LLC (collectively, "Amazon").

10. Amazon.com, Inc. transacts or has transacted business in this District and throughout the United States.

11. Defendant Amazon.com Services LLC ("Amazon.com Services") is a Delaware corporation, with its principal place of business at 410 Terry Avenue, Seattle, Washington 98109. Amazon.com Services is a wholly owned subsidiary of Amazon.com, Inc. that provides services related to the processing of Alexa voice and location data to Amazon.com, Inc. Amazon.com Services transacts or has transacted business in this District and throughout the United States.

12. At all times material to this Complaint, acting alone or in concert with others, Amazon has advertised, marketed, distributed, or sold voice-enabled smart speakers, including smart speakers directed to children under 13 years of age, and related mobile applications to consumers throughout the United States.

## COMMERCE

13. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## AMAZON'S BUSINESS PRACTICES

14. Amazon is a multinational technology company with more than 1.4 million employees and annual revenues exceeding $380 billion.

15. Since 2014, Amazon has developed, manufactured, and sold Internet-connected speakers, branded as Amazon "Echo" devices, controlled by Amazon's proprietary cloud-based

voice assistant service, Alexa. To date, Amazon has sold well over 100 million Echo devices globally, earning billions of dollars in revenue from sales of these devices and related services.

16. Amazon's Alexa-powered Echo devices listen for and respond to users' oral requests. When an Echo detects someone saying the device's "wake" word (usually, "Alexa," "Amazon," "Echo," or "Computer"), Alexa begins recording what it hears in two formats: an audio file and a text file. Alexa then responds to the request by, for example, playing music, setting alarms, providing information, remembering facts, making to-do lists, streaming podcasts, or buying products.

17. Users can also interact with their Echo devices through Amazon's free Alexa mobile application. The Alexa App allows a user to set up Echo devices and perform other functions, such as establishing settings for Alexa and obtaining weather and news updates. Users of the Alexa App are prompted to enable location services that allow the app to collect users' geolocation information so that it can provide location-based information, such as local weather or nearby restaurants.

18. Amazon's policies recognize that privacy is an important consideration for many Alexa users and Echo purchasers, touting privacy as a core feature of Alexa and Echo devices. For example, Amazon maintains a dedicated "Alexa Privacy" webpage within its online "Alexa Privacy Hub" on the Amazon.com website that asserts: "Alexa and Echo devices are designed to protect your privacy." That webpage also states that "Alexa and Echo devices provide transparency and control." Similarly, the Alexa Privacy Settings webpage tells users: "You have control over your Alexa experience" and provides an option to "[v]iew, hear, and delete your voice recordings."

**Alexa Collects Sensitive Data from Children**

19. Alexa collects voice data from both adults and children under the age of 13.

20. In May 2018, Amazon launched several Alexa-enabled offerings designed specifically for children: (1) a smart speaker called the "Echo Dot Kids Edition," which cost approximately $70; (2) a free personalized service called "FreeTime on Alexa," which enables parents to control the content their children can access through Alexa and how their children can use compatible Echo devices; and (3) a paid content subscription service (ranging from $2.99 per month to $99 per year) called "FreeTime Unlimited on Alexa," which provides access to child-oriented audio books, character alarms, and "kid skills" (*i.e.*, audio-based Alexa applications such as voice-controlled games, stories, jokes, and educational tools). A one-year subscription to FreeTime Unlimited has been included with the purchase of an Echo Dot Kids Edition.

21. To use these products, a parent creates a profile for their child that links to the parent's profile and contains the child's name, birth date, and gender. More than 800,000 children interact directly with Alexa using their own Amazon profile. Amazon saves children's voice recordings as audio and text files and uses persistent identifiers to connect these audio and text files to the child's Amazon profile. In addition, through a feature initially called "Remember This" and then called "Notes," Amazon saves various "memories"—*i.e.*, content that children may instruct Alexa to remember.

22. Children's unique speech patterns and accents differ from adults, and their voice recordings provide Amazon with a valuable data bank for training the Alexa algorithm to understand children.

**Amazon's Default Settings Retain Children's Voice Recordings Indefinitely**

23. Since launching its first Echo smart speaker, Amazon has set its default settings to retain users' voice recordings indefinitely. Until September 2019, a parent who sought to delete their child's voice recordings had to navigate Amazon's online deletion options or contact Amazon customer service. Starting in September 2019, two months after receiving an initial

1  Civil Investigative Demand from the FTC, Amazon offered a new feature that allowed users to
2  auto-delete voice recordings at regular intervals of three- or eighteen-months, while still
3  retaining the indefinite retention default setting.

4      24.    Amazon claims that it retains children's voice recordings in perpetuity for three
5  reasons: to respond to children's voice commands; to enable parents to review their children's
6  old voice recordings; and to improve Alexa's speech recognition and processing capabilities.

7      25.    For Alexa to recognize and process a child's voice request, it is not reasonably
8  necessary to retain that child's voice recordings forever. Amazon only needs to retain a voice
9  recording for a few seconds to respond to the request that the child has just made. While parents
10 may wish to review and supervise their child's interactions with Alexa by accessing the stored
11 recordings, storing those recordings forever is not reasonably necessary for that purpose either.
12 Nor is the indefinite retention of children's voice recordings reasonably necessary for Amazon to
13 continue improving Alexa's speech recognition and processing capabilities.

**Amazon Misled Alexa Users About Their Ability
to Delete Voice Recordings Collected by Alexa**

16     26.    Amazon has told parents whose children use the Echo Dot Kids Edition,
17 FreeTime on Alexa, and FreeTime Unlimited on Alexa that they can delete their child's personal
18 information at any time. Amazon specifically assures parents that they can exercise control over
19 their children's voice recordings. It provides a "Children's Privacy Disclosure" to every parent
20 who sets up a child account, directing parents interested in deletion to contact Amazon's
21 customer service or to visit the "Manage Parental Consent" page on Amazon's website. That
22 page directs parents to the Alexa Privacy Settings webpage and Frequently Asked Questions
23 webpage.
24 //

27. The Alexa Privacy Settings webpage tells consumers (including parents) that they can "[v]iew, hear, and delete [their] voice recordings…at any time." The instructions state that Alexa users "have control over all of [their] voice recordings" and can delete their voice recordings "one by one, all at once, or by enabling auto-delete at any time." Amazon's Frequently Asked Questions reinforce this assertion.

28. However, until mid-2019, Amazon's practice was to delete the requested voice recordings but keep written transcripts of those recordings. Specifically, when users requested deletion of their voice recordings, or when parents used the Alexa Privacy Hub or the Alexa App to delete their children's voice recordings, Alexa deleted the voice recordings but retained written transcripts of those recordings in residual data stores. Those transcripts remained available for Amazon's benefit and use for product improvement. But Amazon did not alert the user or parent that Amazon was keeping the written transcripts and continuing to use them for product improvement. In fact, when the user selected "delete recording," the "play" button for the recording and the written text disappeared, suggesting that both the audio and text files had been deleted. Accordingly, in many instances Amazon kept users' or children's written transcripts after users or parents requested deletion of the voice recordings associated with those transcripts and did not inform Alexa users or parents that it had done so. Amazon used children's recordings—both audio files and transcripts—for purposes such as refining Alexa's voice recognition and natural language processing capabilities.

29. Additionally, between August 2018 and September 2019, Amazon Alexa users' voice recordings were accessible to 30,000 of its employees—approximately 15,000 of whom lacked any business need for such access. Indeed, many of these employees did not even work on Alexa-enabled products. This overbroad grant of access violated Amazon's own "least permission" policies, which prohibit granting access to sensitive data beyond what is needed for

a particular job function.

## Amazon Misled Alexa App Users About Their
## Ability to Delete Geolocation Information

30. The Alexa App purportedly allows users to control Amazon's collection, use, and storage of their geolocation information. Amazon also tells users that they can delete their geolocation information at any time using its "Manage Your Content and Devices" feature.

31. But Amazon did not delete all of the geolocation information of Alexa App users who requested it. Amazon itself determined that on many occasions between January 2018 and early 2022, Amazon retained Alexa App users' geolocation information in secondary data storage locations that were insulated from consumers' deletion requests. Amazon employees regularly used data in these locations to improve Alexa. Amazon repeatedly "discovered" this problem yet failed to correct it. Specifically, Amazon first discovered the issue in February 2018, erroneously treated it as "corrected" in October 2018, discovered in April 2019 that it had not actually been corrected, and finally took corrective action in September 2019. Even then, however, Amazon discovered additional deletion errors preventing the deletion of Alexa App users' geolocation information according to users' requests in September 2019, August 2020, September 2020, February 2021, and early 2022. As a result of these repeated failures, Amazon continued to store some Alexa App users' geolocation information contrary to their deletion requests into early 2022. To date, Amazon has never informed Alexa App users that it retained geolocation data that they tried to delete.

## Amazon's Privacy Practices Are Unfair

32. Amazon has engaged in several unreasonable privacy practices related to its storage of Alexa users' sensitive geolocation and voice information, including children's voice information, including:

COMPLAINT FOR A CIVIL CASE - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     a. Failing to ensure that children's voice recordings are retained for no longer than reasonably necessary;

     b. Collecting and maintaining sensitive geolocation data in a manner and location that insulated that information from users' deletion requests and allowed Amazon to access that data for product improvement;

     c. Failing to ensure that deletion requests related to users' geolocation and voice recordings are honored and that system-based failures to honor such requests do not recur; and

     d. Failing to notify consumers that Amazon had not satisfied their requests to delete their or their children's geolocation information or voice recordings.

33. These practices caused, or were likely to cause, substantial injury to consumers that they could not reasonably avoid. As one of the largest companies in the world, consumers reasonably rely on Amazon's representations that its Alexa and Echo devices "are designed to protect your privacy" and "*provide transparency and control*" (emphasis in original). Consumers are also entitled to trust that when they ask Amazon to delete their or their children's voice recordings or geolocation information, it will do so.

34. When Amazon fails to fulfill its promises, retains users' or children's voice or geolocation information that users have expressly asked to be deleted, and allows Amazon's employees access to that information, users suffer injuries to their privacy due to the unauthorized use of their information. Further, Amazon's unlawful retention of consumers' sensitive personal information increased the likelihood of additional substantial injury to consumers through, for example, unnecessary employee access to consumers' voice recordings. Consumers cannot avoid such injuries, as they have no way of determining whether Amazon has fully satisfied their deletion requests, and Amazon has not notified them when it failed to do so.

35. Based on the foregoing, the United States has reason to believe that Amazon has violated and will continue to violate the FTC Act and the COPPA statute and rule.

### VIOLATIONS OF SECTION 5 OF THE FTC ACT

36. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

37. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

38. Acts or practices are unfair under Section 5 of the FTC Act if they cause or are likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45(n).

### Count I

### Deception – Amazon Falsely Represented That Alexa App Users Could Delete Their Geolocation Information

39. Paragraphs 1 through 38 are incorporated as if set forth herein.

40. In connection with the advertising, marketing, promotion, offering for sale, or sale of Alexa-enabled devices and applications, Amazon regularly represents that Alexa App users may delete the geolocation information that Amazon has collected and stored from them.

41. Notwithstanding Amazon's representations, in numerous instances, Alexa App users requested that Amazon delete their geolocation information but Amazon failed to do so.

42. Amazon's representations that it would delete users' geolocation information at their request were false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

//

## Count II

### Deception – Amazon Falsely Represented that Alexa Users Could Delete Their or Their Child's Voice Recordings

43. Paragraphs 1 through 38 are incorporated as if set forth herein.

44. In connection with the advertising, marketing, promotion, offering for sale, or sale of Alexa-enabled devices and applications, Amazon regularly represents that Alexa App users or parents can delete their own or their children's voice recordings, implicitly including all audio files and transcripts.

45. In fact, in numerous instances, Alexa users requested that Amazon delete their own or their children's voice recordings, but Amazon failed to do so.

46. Amazon's representations that it would delete the voice recordings of users or their children were false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count III

### Unfair Privacy Practices

47. Paragraphs 1 through 38 are incorporated as if set forth herein.

48. In numerous instances as described in Paragraph 32, Amazon failed to take reasonable steps to protect the privacy of Alexa users' geolocation and voice recordings.

49. Amazon's actions and omissions caused or are likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition.

50. Therefore, Amazon's acts or practices as set forth in Paragraph 32 constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), (n).

//

**VIOLATIONS OF THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT RULE**

51. Congress enacted COPPA in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of Internet Web sites and online services. COPPA directed the Commission to promulgate a rule implementing COPPA. The Commission promulgated the COPPA Rule, 16 C.F.R. Part 312, on November 3, 1999, under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553. The Rule went into effect on April 21, 2000. The Commission promulgated revisions to the Rule that went into effect on July 1, 2013. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57(a)(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

52. The Rule applies to any operator of a commercial website or online service directed to children under 13 years of age (which includes operators of online services with actual knowledge that they are collecting personal information directly from users of another Web site or online service directed to children), or any operator that has actual knowledge that it is collecting or maintaining personal information from a child under 13 years of age. 16 C.F.R. § 312.3. The definition of "personal information" includes, among other things, a "first and last name," a "persistent identifier that can be used to recognize a user over time and across different Web sites or online services," such as a "customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier," an "audio file where such file contains a child's…voice," and "[i]nformation concerning the child or the parents of that child that the operator collects online from the child and combines with an identifier described in this definition." 16 C.F.R. § 312.2.

53. Among other things, the Rule requires subject operators to meet specific requirements related to collecting, using, or disclosing personal information from children, including but not limited to:

    a. Providing a notice on their website or online service that, along with other required content, states parents may have deleted their child's personal information, and the procedures for doing so (16 C.F.R. § 312.4(d)(3))—which notice must be clearly and understandably written, complete, and must contain no unrelated, confusing, or contradictory materials (16 C.F.R. § 312.4(a));

    b. Providing the parent with the opportunity at any time to delete the child's personal information (16 C.F.R. § 312.6(a)(2)); and

    c. Retaining personal information collected from children online only as long as is reasonably necessary to fulfill the purpose for which the information was collected (16 C.F.R. § 312.10).

54. Amazon is an "operator" subject to the Rule, 16 C.F.R. § 312.2. Amazon operates the online services Echo Dot Kids Edition with FreeTime on Alexa and FreeTime Unlimited, both of which are directed to children under 13. Through the Echo Dot Kids Edition with FreeTime on Alexa and/or FreeTime Unlimited, Amazon collects personal information as defined in the COPPA Rule from children under 13, including voice recordings and transcripts concerning the child combined with a persistent identifier.

### Count IV

**COPPA – Amazon Failed to Provide Complete, Truthful Notice to Parents, Failed to Give Parents an Effective Opportunity to Delete Children's Voice Recordings and Retained Children's Voice Recordings Indefinitely**

55. Paragraphs 1 through 38 are incorporated as if set forth herein.

56. In numerous instances, in connection with the acts and practices described above, Defendants collected, used, and/or disclosed personal information from children in violation of the Rule, including by:

    a. Retaining children's voice recordings for longer than reasonably necessary to fulfill the purpose for which the information was collected, in violation of Section 312.10 of the Rule, 16 C.F.R. § 312.10;

    b. Failing to provide parents with complete and truthful notice regarding parents' ability to have their children's personal information deleted, in violation of Section 312.4 of the Rule, 16 C.F.R. §§ 312.4(a), 312.4(d)(3); and

    c. Failing, when parents requested to delete their children's voice recordings, to also delete the written transcripts of those voice recordings, in violation of Section 312.6(a)(2) of the Rule, 16 C.F.R. § 312.6(a)(2).

57. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

58. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Amazon's violations of the FTC Act and the COPPA Rule. Absent injunctive relief by this Court, Amazon is likely to continue to injure consumers and harm the public interest.

## PRAYER FOR RELIEF

59. Wherefore, Plaintiff requests that the Court:

    a. Enter a permanent injunction to prevent future violations of the FTC Act

1 and the COPPA Rule by Amazon;

2     b.    Award Plaintiff monetary civil penalties from Amazon for each violation of the COPPA Rule alleged in this Complaint; and

    c.    Award any additional relief as the Court may determine to be just and proper.

Respectfully submitted,

Dated: May 31, 2023

| | |
|---|---|
| FOR PLAINTIFF THE UNITED STATES OF AMERICA | OF COUNSEL: |
| | FOR THE FEDERAL TRADE COMMISSION |
| BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division | BENJAMIN WISEMAN<br>Acting Associate Director<br>Division of Privacy & Identity Protection |
| ARUN G. RAO<br>Deputy Assistant Attorney General | ELISA JILLSON<br>ANDREW HASTY<br>JULIA HORWITZ |
| AMANDA LISKAMM<br>Director<br>Consumer Protection Branch | Attorneys<br>Division of Privacy & Identity Protection |
| LISA K. HSIAO<br>Assistant Director | |

By:

*s/ Rachael L. Doud*
RACHAEL L. DOUD
Assistant Director
JAMES T. NELSON
Senior Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 305-4499

*s/ Kayla C. Stahman*
KAYLA C. STAHMAN, CA #228931
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Email: kayla.stahman@udsdoj.gov